# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
### AUSTIN DIVISION

| | | |
|---|---|---|
| **PENHALL COMPANY,** | § | |
| *Plaintiff* | § | |
| | § | |
| **v.** | § | |
| | § | |
| | § | **Case No. 1:24-CV-01170-SH** |
| **ARCHER WESTERN** | § | |
| **CONSTRUCTION, LLC D/B/A** | § | |
| **GREAT HILLS CONSTRUCTORS;** | § | |
| **SUNDT CONSTRUCTION, INC; AND** | § | |
| **ARCHER WESTERN** | § | |
| **CONSTRUCTION, LLC AND SUNDT** | § | |
| **CONSTRUCTION, INC. D/B/A** | § | |
| **GREAT HILLS CONSTRUCTORS,** | § | |
| *Defendants* | | |

## ORDER

Before the Court are Defendants' Motion for Summary Judgment (Dkt. 24), filed October 1, 2025, and the associated response and reply briefs.

Plaintiff Penhall Company, a California corporation, brings this breach of contract suit against Defendants Archer Western Construction, LLC d/b/a Great Hills Constructors, a purported Illinois limited liability company; Sundt Construction, Inc., an Arizona corporation; and Great Hills Joint Venture, a purported joint venture partnership between Great Hills and Sundt.

Penhall filed this suit in the 200th Judicial District of Travis County, Texas against Great Hills alone. Dkt. 1-4. On September 30, 2024, Sundt removed to this Court on the basis of diversity jurisdiction under 28 U.S.C. § 1332, alleging that the amount in controversy exceeds $75,000 and complete diversity exists between the parties. Dkt. 1. Great Hills consented to the removal. Dkt. 2.

Penhall does not dispute that diversity jurisdiction exists and has not moved to remand. Even so, this Court has "an independent obligation to assess subject matter jurisdiction before exercising the judicial power of the United States." *SXSW, LLC v. Fed. Ins.*, 83 F.4th 405, 407 (5th Cir. 2023).

Subject matter jurisdiction over a state claim in federal court under 28 U.S.C. § 1332(a) exists when the amount in controversy is satisfied and there is complete diversity of citizenship between the parties. *Vantage Drilling Co. v. Hsin-Chi Su*, 741 F.3d 535, 537 (5th Cir. 2014). Complete diversity means "all persons on one side of the controversy must be citizens of different states than all persons on the other side." *SXSW, LLC v. Fed. Ins.*, 83 F.4th 405, 407 (5th Cir. 2023).

Corporations are citizens of their state of incorporation and where they have their principal places of business. 28 U.S.C. § 1332(c). LLCs are citizens of any state of which their members are citizens. *SXSW*, 83 F.4th at 408. To establish diversity jurisdiction in a suit by or against an LLC, a party "must specifically allege the citizenship of every member of every LLC," *Settlement Funding, LLC v. Rapid Settlements, Ltd.*, 851 F.3d 530, 536 (5th Cir. 2017), with "clear, distinct, and precise affirmative jurisdictional allegations." *Getty Oil Corp. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1259 (5th Cir. 1988). When an LLC has a member which is also an LLC, the citizenship of the member LLC must be traced through all organizational layers of partners and members. *Mullins v. Test Am.. Inc.*, 564 F.3d 386, 397-98 (5th Cir. 2009). In addition, because some states permit LLC membership without ownership, an LLC's citizenship cannot be established by merely naming its owners. *SXSW*, 83 F.4th at 408.

In its notice of removal, Sundt alleged that there is complete diversity between the parties because (1) "Plaintiff is and was at the time of this suit, a citizen of Texas";[1] (2) Sundt is an Arizona corporation with its principal place of business in Arizona; and (3) Great Hills is "a resident of Illinois." Dkt. 1 at 3-4. In its Second Amended Petition, Penhall alleges that Great Hills "is an Illinois limited liability company," without elaboration. Dkt. 1-10 at 1.

---

[1] Sundt's allegation that Penhall is a Texas corporation appears to be a clerical error. Penhall alleges in its pleadings that it is a California corporation with its principal place of business in Anaheim, California. Dkt. 1-10 at 1.

Because Sundt did not identify and allege the citizenship of each member of Great Hills, it has not established diversity of citizenship jurisdiction. *SXSW*, 83 F.4th at 408. But defective allegations of jurisdiction may be amended. 28 U.S.C. § 1653.

For these reasons, the Court **ORDERS** Sundt to file a brief

(1) identifying and alleging the citizenship of each member of Great Hills and any sub-LLC, if relevant;

(2) identifying any differences between LLC membership and LLC ownership and how that affects the citizenship of each LLC member;

(3) showing whether there was complete diversity of each LLC member when Sundt removed this case on September 30, 2024; and

(4) addressing any other issues relevant to whether this Court has jurisdiction over this matter

by **December 19, 2025**. If necessary, Penhall may file a brief less responding to these and any other relevant jurisdictional issues by **January 9, 2026**.

**SIGNED** on December 4, 2025.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE